FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR 23 2019   GT

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA, *ex rel.*

[UNDER SEAL]

     *Plaintiffs,*

  v.

[UNDER SEAL],

[UNDER SEAL],

[UNDER SEAL],

[UNDER SEAL],

[UNDER SEAL],

     *Defendants.*

# 19-CV-00600 RSW

Case No. _____

**FILE UNDER SEAL**
**Complaint for violations of the False Claims Act, 31 U.S.C. §§3729, et seq.; and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)**

SEA095725

COMPLAINT - 1
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

UNITED STATES OF AMERICA,
*ex rel.* AHMED BASHIR,

    *Plaintiff,*

    v.

THE BOEING COMPANY,
100 North Riverside
Chicago, Illinois 60606,

    Registered Agent:
    Corporation Service Company
    300 Deschutes Way SW, Ste. 304
    Tumwater, WA 98501,

GDC TECHNICS, LTD.,
2060 Eagle Parkway
Fort Worth, TX 76177,

    Registered Agent:
    MAZAV Management LLC
    607 N. Frank Luke Drive
    San Antonio, TX 78226,

JERRY T. DUNMIRE,
1108 River Chase Drive
Edmond, OK 73025,

    *and*

MOHAMMAD HAMAD A. AL ZEER,
1301 Throckmorton St., No. 2605,
Fort Worth, TX 76102,

    *Defendants.*

19-CV-00600 RSM

Civil No._____

COMPLAINT FOR
VIOLATIONS OF THE
FALSE CLAIMS ACT,
31 U.S.C. §§ 3729, *et seq.;* AND
FOR VIOLATIONS OF THE
ANTI-KICKBACK STATUTE,
42 U.S.C §1320a-7b(b)

**FILED UNDER SEAL**

**JURY TRIAL DEMANDED**

COMPLAINT - 2
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

1

## INTRODUCTION

2

3        1.      Relator Ahmed Bashir, individually and on behalf of the United States of

4  America, brings this action against Defendants The Boeing Company, GDC Technics, Ltd.,

5  Jerry T. Dunmire, and Mohammad Hamad A. Al Zeer for violations of the False Claims Act,

6  31 U.S.C. §§ 3729, *et seq.* ("FCA"), and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)

7  ("AKS").

8        2.      Kickbacks to subcontractors are also prohibited by the Code of Federal

9  Regulations, under which all contracts relevant to this action are governed. 48 C.F.R. § 3.502-

10  2. This section prohibits "providing, attempting to provide, or offering to provide any

11  kickback" and "soliciting, accepting, or attempting to accept any kickbacks."

12        3.      Defendants engaged in a kickback scheme wherein Dunmire, acting as Boeing's

13  agent, received kickbacks from GDC and Al Zeer, which motivated Dunmire to improperly and

14  illegally steer subcontracts to GDC arising out of United States services and materials contracts

15  entered into with Boeing.

16                          ## JURISDICTION AND VENUE

17        4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

18  § 1331 and 31 U.S.C. § 3732(a).

19        5.      This Court has jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a)

20  because Defendants do business in Washington and have entered into contracts with the United

21  States in Washington.  As a result, Defendants committed acts proscribed by 42 U.S.C. §

22  1320a-7b and 31 U.S.C. § 3729 in this judicial district.

23        6.      Venue in this judicial district and division is proper pursuant to 28 U.S.C. §

24  1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein

25  occurred in this judicial district.

26        7.      Venue in this judicial district and division is also proper pursuant to 28 U.S.C. §

27  1391(b)(1) because Defendants have extensive and deliberate contacts in this judicial district.

COMPLAINT - 3
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

2        8.      None of the allegations set forth in this Complaint have been "publicly

3 disclosed," or are substantially the same as allegations that have been "publicly disclosed," as

4 that phrase is used in 31 U.S.C. § 3730(e)(4)(A).

5 **PARTIES**

6        9.      Relator Bashir is a Texas resident and U.S. citizen.  Bashir is the owner and

7 founder of Emerald Aerospace, LLC, a Kansas limited liability company, and serves as its

8 chairman and chief executive officer. Bashir has more than 25 years' experience as an

9 executive in the defense contracting industry, with a particular focus on aviation projects.

10        10.     Defendant Boeing Company is a publicly traded aerospace company

11 headquartered in Chicago, Illinois, and incorporated in Delaware.

12        11.     Defendant Dunmire is a resident of the State of Texas and is a United States

13 citizen. Dunmire previously served as Boeing's program manager in charge of all head-of-state

14 aircraft, which included both domestic (Presidential Fleet) and international head-of-state

15 aircraft. Dunmire currently serves as Boeing's program manager for the VC fleet (US

16 Presidential Fleet aircraft).

17        12.     Defendant Al Zeer is a citizen of Saudi Arabia and resides part time in the State

18 of Texas. He is a Saudi-Arabian businessman who is the majority shareholder in MAZ Aviation

19 Consulting. MAZ Aviation Consulting, along with SAAV Completion LLC, acquired Gore

20 Design Completions in 2013, which was later incorporated in Texas as GDC Technics, Ltd.

21        13.     Defendant GDC Technics, Ltd. is a Texas corporation that specializes in

22 customizing passenger and executive jets for the use of heads of state and similar clients, and

23 Al Zeer is GDC Technics, Ltd.'s general partner. Boeing (prime contractor) has repeatedly

24 hired GDC (a subcontractor) to work on various contracts for the Indian and U.S. governments.

25

26

27

COMPLAINT - 4
(NO. _____ )
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1

2                                    **FACTUAL ALLEGATIONS**

3    **Factual Background**

4           14.     The Boeing VC-25 is a military version of the Boeing 747 airliner, modified for

5    presidential transport and operated by the United States Air Force as Air Force One, the call

6    sign of any U.S. Air Force aircraft carrying the President of the United States.

7           15.     The current VC-25A Presidential Fleet aircraft are aging and have become less

8    cost-effective to operate. In or around 2014 or 2015, Dunmire, who was Boeing's director

9    leading the VC-25 support program in San Antonio, Texas, met Al Zeer.

10   **Al Zeer and GDC Technics, Ltd.**

11          16.     The Saudi Arabian Ministry of Finance owns 80% of GDC Technics, Ltd., and

12   Al Zeer's company, MAZ Aviation Consulting, owns the remaining 20%. GDC Technics, Ltd.

13   performs services in the niche market of furnishing and installing accommodations and

14   communications equipment in large U.S. and foreign government planes.  By way of

15   background, when Boeing or Airbus produces one of these planes, it can fly but it is not

16   furnished, and so the manufacturer contracts out the installation of conference rooms, showers,

17   bedrooms, cabinets, etc., to subcontractors such as GDC Technics, Ltd. who retrofit the planes.

18          17.     GDC Engineering is the "sister company" of GDC Technics. GDC Engineering

19   manages "devoted engineering hubs to support GDC Technic's VIP completions." GDC

20   Engineering consists of two facilities: one in Bournemouth, United Kingdom and one in

21   Munich, Germany. GDC Engineering is owned by Al Zeer, who is listed as a director on the

22   business filings in United Kingdom.

23   **Boeing enters into a Subcontract with GDC to Perform Services in the VC-25 program.**

24          18.     After meeting with Al Zeer in or around late 2014 or early 2015, Dunmire

25   steered Boeing to select Al Zeer's GDC Technics, Ltd. to perform maintenance on, and

26   upgrades to, the Air Force One fleet during the Obama administration.  Al Zeer's GDC

27   Technics, Ltd. earned approximately $5-10 million through this contract, where its work

COMPLAINT - 5                          BRESKIN | JOHNSON | TOWNSEND <sup>PLLC</sup>
(NO. _____)                      1000 Second Avenue, Suite 3670
CONFIDENTIAL AND UNDER SEAL            Seattle, Washington 98104 Tel: 206-652-8660

included the re-surfacing of wood monuments and providing labor for uninstall and install of the monuments on the aircraft (other companies were involved on different aspects to retrofitting the aircraft).

19.     Boeing received other viable bids for the VC-25 program. For example, Emerald Aerospace provided lower rates for similar services offered by GDC Technics, Ltd. Emerald Aerospace also offered qualified technicians with prior experience on the VC-25 aircraft and the required clearances for access.

20.     Despite verbal representations to Bashir from the Boeing team evaluating bids for the VC-25 program that Emerald Aerospace's personnel was necessary for the project, the project was awarded to GDC Technics, Ltd.

**Boeing Initiates the PAR Program**

21.     On or about May 10, 2016, the United States Air Force posted online an amendment to its Air Force One contract authorizing Boeing to begin preliminary design activities for new aircraft, thus initiating the Presidential Aircraft Recapitalization Program ("PAR") VC-25B.

22.     On or about July 15, 2016, Boeing received a second tranche of pre-engineering and manufacturing development (EMD) risk-reduction funding to address "system specification, the environmental control system, the aircraft interior, the electrical and power system and sustainment and maintenance approaches."

23.     Around this time in 2016, Dunmire oversaw all head-of-state aircraft for Boeing, which included both domestic (Presidential Fleet) and international head-of-state aircraft. Boeing moved Dunmire to San Antonio in the latter part of 2016 to serve as its Program Manager for the VC fleet only (US Presidential Fleet aircraft).

24.     On or about August 1, 2017, Defense One, Atlantic Media's Defense and National Security online periodical, reported that in an effort to pay less for the replacement program, the U.S. Air Force entered into a contract to purchase two of a bankrupt customer's

COMPLAINT - 6
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

undelivered 747-8 Intercontinental aircrafts from Boeing, which was storing the aircraft in the

Mojave Desert to prevent corrosion. These aircraft were to be retrofitted with

telecommunications and security equipment to bring them to the security level required for the

presidential aircraft. On or about February 27, 2018, the White House announced a $3.9 billion

agreement with Boeing to modify these two 747-8s to replace the current VC-25A fleet. The

new aircraft will be designated VC-25B, and they are due to be delivered by 2024.

25.    Initially, the VC-25 program suffered from mismanagement. The

mismanagement of the project harmed Dunmire's reputation at the time and he briefly

considered retiring from Boeing as a result. Shortly after it became clear that Dunmire was

mishandling the VC-25 program, Dunmire approached GDC Technics, Ltd. and asked them to

bid on the contract. Dunmire met with GDC's CEO at the time, Shabbir Pirmohamed and told

Pirmohamed what steps GDC had to take if it wanted to win the contract.

26.    Dunmire also provided Pirmohamed a printout of the precise security standards

GDC Technics, Ltd. would need to meet for the contract. Pirmohamed then reoriented GDC in

order to ensure compliance with the security standards and complete a bid for the VC-25

contract.

27.    GDC Technics Ltd. was ultimately awarded the VC-25 contract by Boeing.

**GDC Technics, Ltd.'s Competency and Financial Woes**

28.    In or about 2013, the Saudi Arabian Ministry of Finance began entering into

contracts with GDC Technics, Ltd. to work on its government aircraft interiors.  However, after

GDC Technics, Ltd. worked on the project for a period of time, GDC Technics, Ltd. was so far

behind on the project that in or about the fall of 2016 the Saudi Arabian Ministry of Finance

began recording the additional funding being provided to GDC Technics, Ltd. as loans. In the

summer of 2017, the Saudi Arabian Ministry of Finance brought in auditors to evaluate the

company. The total loan amount to GDC Technics, Ltd. as of December 2017 was $156.5

COMPLAINT - 7
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

million. Following the audit, the Ministry of Finance installed one auditor to permanently control GDC Technics, Ltd.'s financials.

29.     In late 2017, the Saudi Arabian government directed GDC Technics, Ltd. not to take on any new business because it was failing to complete projects for the Saudi government and was losing money.  Dunmire was aware of this directive for GDC Technics Ltd. to not take on more business, but nevertheless in or about December 2017, as the result of Dunmire's efforts, Boeing awarded GDC, a new task order for the VC-25 program.

**Dunmire Pushes Boeing Subcontracts to GDC Technics, Ltd. Despite Its Problems**

30.     The Indian Head-of-State program was a project for the Indian government, and the scope of the work was for the interior completion of two (2) new Indian Head of State Boeing 777-300 ER aircraft.

31.     Emerald Aerospace, LLC in Wichita, Kansas is a competitor of GDC Technics, Ltd., and Bashir is its chairman and CEO. In or about December 2016, Boeing's Oklahoma City office invited Emerald Aerospace to bid on the India Head-of-State program, and shortly thereafter Boeing's Oklahoma City team, specifically Mukesh Luhar (Program Manager, International Head of State program), began reporting pressure from Dunmire to consider GDC Technics, Ltd. favorably and make a selection in favor of GDC Technics, Ltd.

32.     Specifically, Dunmire instructed the Boeing team that GDC Technics, Ltd. should win the contract at "all costs", and that GDC Technics, Ltd. was backed and funded by the Saudi Arabian Ministry of finance, which made it the most financially sound company for the project. As the head of the Boeing's presidential fleet project and Luhar's boss, Dunmire knew he had the ability to sway the decision in GDC Technic, Ltd.'s favor.

33.     Emerald Aerospace, LLC teamed with Associated Air Center to bid on the project in 2017. Subsequently, during the re-bid in early 2018, Emerald Aerospace submitted its proposal response independently and bid approximately $56 million, and GDC Technics,

COMPLAINT - 8
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Ltd. bid approximately $60 million. As the result of Dunmire's efforts Boeing awarded GDC Technics, Ltd. the subcontract.

34.    The India BBJ project was another project for the Indian government, this time to work on three existing Indian Head-of-State aircrafts. In November 2017, GDC Technics, Ltd. bid approximately $17 million, and Emerald submitted a bid of about $11.5 million to complete the work. The Boeing Oklahoma City team considered Emerald the "best value" for the program. Luhar relayed this information to Bashir via phone conversation.

35.    In or about November or December 2017, Dr. Fahad Al Humaidah, advisor to the Saudi Arabian Minister of Finance, and chairman of the board of directors of GDC Technics Ltd., sent an email to its board instructing that "GDC is not to pursue any new business and not to accept any new business." GDC Technic, Ltd.'s CEO, Shabbir Pirmohamed, was copied on the email.

36.    In or about December 2017, GDC Technics, Ltd.'s acting CEO, Richard Francey, told Dunmire that GDC was not to pursue or accept any new business. Despite this instruction, Dunmire directed GDC Technics, Ltd. to submit a Request for Proposal response for Boeing's Indian Head-of-State program. Dunmire also subsequently awarded GDC Technics, Ltd. a new work order under the VC-25 program. Additionally, Al Zeer directed GDC Technics, Ltd. to continue pursuing Boeing's Indian Head of State program and the PAR program bids.

37.    Thereafter, Al Zeer signed a memorandum of understanding/letter of intent with Boeing for both the PAR and India Head-of-State programs, despite not having permission to sign these agreements. The Saudi Arabian Ministry of Finance had formally instructed Al Zeer not to sign any more agreements.

38.    In January 2018, Boeing's Oklahoma City Office re-released the India Head-of-State program request for proposal (RFP), but GDC Technics, Ltd. was not included in this release. Within a week, Boeing's Oklahoma City team privately began receiving pressure from

COMPLAINT - 9
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Dunmire to add GDC Technics, Ltd. to the bid list and to consider GDC Technics, Ltd.'s proposal favorably.  Boeing added GDC Technics, Ltd. to the bidders list approximately a week following release of the RFP, and thereafter GDC Technics, Ltd. submitted a proposal.

39.     Pirmohamed worked heavily on the proposal. He also drafted the scope of work that Boeing eventually adopted as the project requirement.

40.     In March 2018, Boeing Head-of-State program team declared that Emerald's bid was judged as "best technical, best price and lowest execution risk."  Later that month, Boeing's team met with GDC Technics, Ltd. and Emerald, the two finalists on the program. A customer from the Saudi Arabian royal family called into the meeting and endorsed Emerald, and in response Boeing was impressed and said it was a tremendous endorsement.

41.     In early March 2018, Boeing found that Emerald did not meet its financial review.  Although Boeing could exercise the option to provide a waiver for Emerald, Dunmire directed Supplier Management to refuse to request the waiver.  Later, Dunmire notified Boeing of a $73,000 wage lawsuit by Emerald employees in an effort to further undermine Emerald. Due to Emerald's failure to meet Boeing's financial review, Emerald was asked by to provide a letter of financial backing. In response Emerald provided additional evidence of financial backing from large billion-dollar companies, and Dunmire intervened again saying that "anyone can write a letter" and "this doesn't mean anything."

42.     Meanwhile, Boeing helped GDC Technics, Ltd. pass its financial review process, and in late March 2018, Boeing entered into contract negotiations with GDC Technics, Ltd., with Dunmire actively involved in supporting GDC. As a result, GDC won the India Head of State contract but is now struggling to complete this program.

**Dunmire Pushes Boeing PAR Subcontracts to GDC Technics, Ltd. Despite Its Problems**

43.     In 2017 and 2018, Dunmire helped GDC Technics, Ltd. secure a subcontract performing services on the United States' government's PAR contract through his dealings with the Air Force 89th squadron even though Dunmire has no involvement with PAR.

COMPLAINT - 10
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

44.     Dunmire promoted GDC Technics, Ltd. to Air Force and White House officials, made introductions and took the officials for visits to GDC's facilities.

45.     Dunmire also touted GDC Technics, Ltd. as an outstanding supplier and helped GDC Technics, Ltd. pass the financial review process for PAR, acting as a liaison.  As the result of Dunmire's lobbying efforts on GDC Technics, Ltd.'s behalf, Boeing's PAR subcontract was awarded to GDC Technics, Ltd. even though its $210 million-dollar bid was neither the lowest bid nor was GDC Technics, Ltd. the most qualified contractor bidding on the contract.

46.     During the bidding process, GDC Technics, Ltd.  represented to Boeing that it had enough money in the bank to finance the project despite the Saudi Ministry of Finance stating it would not help bankroll GDC Technics, Ltd.'s participation. GDC Technics, Ltd. claimed it had money coming from other projects. However, it was an open secret that the other projects GDC Technics, Ltd. was referencing would never come to fruition. It was also well known that GDC Technics, Ltd. did not have the financing to complete the project at the time of the bidding process.

47.     GDC Technics, Ltd. would have failed a financial audit if Boeing had performed one. However, Dunmire influenced Boeing's process to not require an audit of GDC Technics, Ltd. This is contrary to Dunmire's actions with regard to Emerald's bid for the India Head of State contract.

48.     Boeing accepted GDC Technics, Ltd.'s explanation for its poor financial outlook at face value, not requiring an in-depth audit, and eventually awarded the PAR contract to GDC Technics Ltd.  Boeing awarded the contract even without financial guarantees or requirement that GDC Technics Ltd. enter into a performance bond for the $250 million valuation of the project, which would have been standard given the size of the contract and GDC Technic Ltd.'s financial outlook.

COMPLAINT - 11
(NO. _____ )
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

49.     The other competitors for the PAR contract were Greenpoint and L3. Both companies were capable of passing a financial audit and performed reliable and high-quality work.

50.     Dunmire subsequently attended meetings between the Air Force and GDC Technics, Ltd. representatives throughout the work on the PAR project.

**Dunmire's Inexplicable Motivation for Pushing Subcontracts to GDC Technics, Ltd.**

51.     In 2017 and 2018, Dunmire helped GDC Technics, Ltd. secure Boeing's PAR contract even though its $210 million-dollar bid was neither the lowest bid, nor was GDC Technics, Ltd. the most qualified contractor bidding on the contract. Dunmire facilitated GDC Technics, Ltd.'s success in securing the PAR subcontract even though Dunmire has no involvement with PAR.  Dunmire accomplished this through exerting pressure on Boeing staff who considered the proposals and ultimately made the subcontract award decision.

52.     Accordingly, upon information and belief Dunmire is receiving compensation and promises of future compensation from GDC Technics, Ltd. and Al Zeer to secure new business for GDC Technics, Ltd. even when it is neither the lowest bid nor was the most qualified contractor bidding on the contract.

53.     For example, in July 2017, Dunmire sold his house, located in Edmond, Oklahoma, for $450,000. Dunmire then bought a house in New Hampton, New Hampshire for $730,000 in August 2017. Neither Dunmire nor his wife owns any other houses.

54.     Dunmire also worked in concert with Tim Bartlett and Justin Utz. Bartlett and Utz are partners of Rubix Ventures, which is a consulting firm. Bartlett and Utz are also friends and trusted confidants of Al Zeer.

55.     Al Zeer, as a foreign national, is not permitted to sit in on certain security briefings related to the work on U.S. airplanes. If Al Zeer, or any other individual who does not hold U.S. citizenship, is made aware of any protected sensitive security information (SSI), GDC will lose its contacts. The prime contractor, Boeing, could also face consequences. *See*

COMPLAINT - 12
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Department of Homeland Security Management Directive 11056.1; *see also* 32 C.F.R.§ 154.16(c)(1) (stating that non-U.S. citizens are not eligible for security clearances). In the context of the PAR and VC-25 programs, the SSI was related to tactical data on the aircraft that was essential to U.S. military security.

56.     Bartlett and Utz frequently sit in on meetings between U.S. military personnel and Boeing representatives as Al Zeer's "eyes and ears" on all aspects of the PAR project. Despite being consultants, Al Zeer allows Utz and Bartlett full access to GDC Technics, Ltd projects and facilities. Utz and Bartlett even have decision-making power to overrule GDC Technics, Ltd site managers. Pirmohamed believes Bartlett and Utz have passed SSI to Al Zeer in the past.

57.     Al Zeer awarded Utz and Bartlett a commission in excess of $1 million for their help in leasing of hangar space at Fort Worth Alliance airport.

58.     This commission amount is unpreceded in the industry.

59.     Utz and Bartlett are also friends with Dunmire. Pirmohamed believes that Utz and Bartlett relayed a promise of future employment to Dunmire in exchange for a position within MAZ Aviation and Consulting after his retirement from Boeing.

**Bashir Faces Retaliation**

60.     Bashir is a contractor whose primary business comes from being the subcontractor on aviation projects. Boeing is frequently the primary contractor on aviation projects.

61.     In April 2018, Bashir filed a complaint with Boeing's Ethics Department. He provided a detailed timeline of the bids for PAR, the Indian Head of State Program, and the VC-25 program and a description of Dunmire's involvement and influence in funneling the contracts to GDC Technics, Ltd.

62.     Bashir has had several conversations with Boeing's ethics counsel.

COMPLAINT - 13
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

63.     Despite representations from Boeing that it is investigating Bashir's claims, no action has been taken or report issued to Bashir.

64.     Bashir and Emerald Aerospace have not been awarded a Boeing contract since Bashir filed the ethics complaint against Dunmire.

**COUNT I**
**Defendants Knowingly Caused to be Presented False or Fraudulent**
**Claims for Payment in Violation of 31 U.S.C. § 3729(a)(1)(A)**
**(Against All Defendants)**

65.     Relator Bashir realleges and incorporates the allegations set forth above as though fully alleged herein.

66.     The False Claims Act imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

67.     The Anti-Kickback Statute deems a claim that results from an unlawful kickback to be a violation of 31 U.S.C. § 3729(a), providing that "a claim that includes items or services resulting from a violation of this section [42 U.S.C. § 1320a-7b] constitutes a false or fraudulent claim for purposes of subchapter III of chapter 37 of Title 31." 42 U.S.C. § 1320a-7b(g).

68.     Defendants knowingly caused false or fraudulent claims for payment to be presented to the United States when in 2017 and 2018, when for illegal consideration Dunmire helped GDC Technics, Ltd. secure Boeing's PAR subcontract even though its $210 million-dollar bid was neither the lowest bid nor was it the most qualified contractor bidding on the contract.

69.     Dunmire facilitated GDC Technics, Ltd.'s success in securing the PAR subcontract even though Dunmire has no involvement with PAR. Accordingly, upon

COMPLAINT - 14
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

information and belief Dunmire is receiving compensation from GDC Technics, Ltd. and Al

Zeer to secure new business for it even when it is neither the lowest bid nor was it the most

qualified contractor bidding on the contract.

70.    Under 42 U.S.C. § 1320a-7b(g), these claims were false or fraudulent because

they included items or services resulting from a violation of 42 U.S.C. § 1320a-7b(b).

71.    Defendants knew that the above-mentioned claims for payment that were

presented to the United States were false or fraudulent because Defendants knew that the PAR

subcontract was entered into as illegal consideration Al Zeer and GDC Technics, Ltd. paid to

Dunmire and Boeing.

72.    Defendants' knowledge of the kickback scheme alleged herein is attributable to

Defendants because each of these individuals and companies knew that Al Zeer and GDC

Technics, Ltd. paid to Dunmire and Boeing kickbacks with an intent to benefit themselves at

the expense of the United States government.

## COUNT II
### Defendants Knowingly Caused to be Made or Used A False Record Material to a False or Fraudulent Claim in Violation of 31 U.S.C. § 3729(a)(1)(B) (Against All Defendants)

73.    Relator Bashir realleges and incorporates the allegations set forth above as

though fully alleged herein.

74.    The False Claims Act imposes civil liability on any person who "knowingly

presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31

U.S.C. § 3729(a)(1)(A).

75.    The Anti-Kickback Statute deems a claim that results from an unlawful

kickback to be a violation of 31 U.S.C. § 3729(a), providing that "a claim that includes items or

services resulting from a violation of this section [42 U.S.C. § 1320a-7b] constitutes a false or

COMPLAINT - 15
(NO. _____ )
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

fraudulent claim for purposes of subchapter III of chapter 37 of Title 31." 42 U.S.C. § 1320a-7b(g).

76.     Defendants knowingly used a false record material to a fraudulent claim when in 2017 and 2018, Dunmire helped GDC Technics, Ltd. secure Boeing's PAR subcontract even though its $210 million-dollar bid was neither the lowest bid nor was it the most qualified contractor bidding on the contract.

77.     Dunmire facilitated GDC Technics, Ltd.'s success in securing the PAR subcontract even though Dunmire has no involvement with PAR. Accordingly, upon information and belief Dunmire is receiving compensation from GDC Technics, Ltd. and Al Zeer to secure new business for it even when it is neither the lowest bid nor was it the most qualified contractor bidding on the contract.

78.     Under 42 U.S.C. § 1320a-7b(g), these records were materially false or fraudulent because they included items or services resulting from a violation of 42 U.S.C. § 1320a-7b(b).

79.     Defendants knew that the above-mentioned claims for payment that were presented to the United States were materially false or fraudulent because Defendants knew that the PAR subcontract was entered into as illegal consideration Al Zeer and GDC Technics, Ltd. paid to Dunmire and Boeing.

80.     Defendants' knowledge of the kickback scheme alleged herein is attributable to Defendants because each of these individuals and companies knew that Al Zeer and GDC Technics, Ltd. paid to Dunmire and Boeing kickbacks with an intent to benefit themselves at the expense of the United States government.

COMPLAINT - 16
(NO. _____ )
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## COUNT III
### Defendants Knowingly Conspired to Present False
### or Fraudulent Claims in Violation of 31 U.S.C. § 3729(a)(1)(C)
### (Against All Defendants)

81.    Bashir realleges and incorporates the allegations set forth above as though fully alleged herein.

82.    Defendants knowingly conspired to present false or fraudulent claims for payment to the United States when Defendants knowingly caused false or fraudulent claims for payment to be presented to the United States when in 2017 and 2018, Dunmire helped GDC Technics, Ltd. secure Boeing's PAR subcontract even though its $210 million dollar bid was neither the lowest bid nor was it the most qualified contractor bidding on the contract.

83.    This scheme violated 42 U.S.C. § 1320a-7b(b), which provides for criminal penalties, and thus constituted an agreement to violate a federal criminal statute.

84.    Defendants knowingly and voluntarily participated in this kickback scheme, as shown by each of these individuals and companies being aware that Al Zeer and GDC Technics, Ltd. paid to Dunmire and Boeing kickbacks with an intent to benefit themselves at the expense of the United States government.

85.    Defendants committed overt acts in furtherance of this conspiracy, including Dunmire's helping GDC Technics, Ltd. secure Boeing's PAR subcontract even though its $210 million-dollar bid was neither the lowest bid nor was it the most qualified contractor bidding on the contract.

## COUNT VI
### Violation of The Anti-Kickback Statute, 42 U.S.C. §1320a-7b(b)
### (against All Defendants)

86.    Relator re-alleges and incorporates the allegations set forth above as though fully alleged herein.

COMPLAINT - 17
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

87.     The Anti-Kickback Statute, in part, prohibits anyone from knowingly and willfully soliciting or receiving any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program.  42 U.S.C. § 1320a-7b(b).

88.     Defendants maintain an illegal financial relationship between Dunmire and Boeing, and the GDC Technic, Ltd.'s management.

89.     Defendants maintain an illegal financial relationship between GDC Technic, Ltd.'s management and Justin Utz and Tim Bartlett of Rubix Ventures.

90.     Defendants GDC Technic, Ltd. Provide incentives to Dunmire and Boeing in exchange for receiving contracts.

91.     Defendants' actions have led to the federal government for paying for work that is unnecessary and fraudulently solicited.

92.     The United States of America has been damaged by all of the aforementioned misrepresentations and failures to comply with requisite laws and regulations in an as of yet undetermined amount.

**COUNT V**
**Retaliation against Bashir in Violation of the False Claims Act, 31 U.S.C. § 3730(h)**
**(Against Defendants Boeing and Dunmire)**

93.     Relator Bashir re-alleges and incorporates the allegations set forth above as through fully alleged herein.

94.     Bashir was an "employee" or in the alternative a "contractor" of Defendant Boeing and Defendant Boeing was an "employer" as the terms are defined by the False Claims Act.

COMPLAINT - 18
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

95.     Defendants illegally retaliated against Bashir by refusing to legitimately consider his bids for contracts following Bashir's disclosures to the Boeing Ethics Department.

96.     Bashir engaged in protected activity when he disclosed ethical violations by Dunmire to the Boeing Ethics Department and when he spoke with Boeing's Ethics counsel regarding those violations.

97.     Defendants, knowing that Bashir was engaging in protected activity, consciously stopped considering Bashir's proposals and bids for contracts with Boeing.

98.     The temporal proximity between Bashir's disclosures and Boeing's decision to refuse his proposals and bids for contracts is strongly suggestive of causation.

99.     To redress the harms he suffered as a result of the acts and conduct of defendants in violation of 31 U.S.C. § 3730(h), Bashir is entitled to damages including two times the amount of back pay, interest on back pay, and compensation for any special damages, including emotional distress an any other damages available by law including litigation costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all claims brought by Relator Ahmed Bashir on behalf of and in the name of the United States of America, Relator prays that judgment be entered against all Defendants as follows:

(a) In favor of the United States and against Defendants for treble damages to the federal government from the submission of false or fraudulent claims, and the maximum civil penalties for each violation of the False Claims Act;

(b) In favor of the United States and against Defendants for the maximum civil penalties for each violation of 42 U.S.C. § 1320a-7b(b), as provided for by 42 U.S.C. § 1320a-7a;

COMPLAINT - 19
(NO. _____ )
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

(c) In favor of Relator Bashir for the maximum amount pursuant to 31 U.S.C. § 3730(d) to

include reasonable expenses, attorney fees, and costs incurred by him;

(d) In favor of Relator Bashir for all compensatory and punitive damages, including

damages for pain and suffering and loss of reputation, back pay, interest, and attorneys'

fees and costs to which he is entitled pursuant to 31 U.S.C. § 3730(h);

(e) For all costs incurred as a result of maintaining this civil action; and

(f) For such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Bashir demands a jury for all claims triable by a jury.

Dated this 23rd day of April, 2019.

Brendan W. Donckers, WSBA No. 39406
BRESKIN JOHNSON & TOWNSEND
1000 Second, Ave., Suite 3670
Seattle, Washington 98104
(206) 652-8660
(206) 652-8290 (facsimile)
bdonckers@bjtlegal.com
*Local Counsel for Relator*

David E. Breskin, WSBA No. 10607
BRESKIN JOHNSON & TOWNSEND
1000 Second, Ave., Suite 3670
Seattle, Washington 98104
(206) 652-8660
(206) 652-8290 (facsimile)
dbreskin@bjtleagal.com
*Local Counsel for Relator*

R. Scott Oswald
(*Pro Hac Vice application forthcoming*)
Janel E. Quinn
(*Pro Hac Vice application forthcoming*)
The Employment Law Group, P.C.

COMPLAINT - 20
(NO. _____)
CONFIDENTIAL AND UNDER SEAL

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

888 17th Street, N.W., Suite 900
Washington, D.C. 20006
Phone: (202) 261-2813
Fax: (202) 261-2835
soswald@employmentlawgroup.com
jquinn@employmentlawgroup.com
*Counsel for Relator*

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660