UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. AHMED BASHIR,<br><br>                Plaintiff,<br>    v.<br><br>THE BOEING COMPANY et al.,<br><br>                Defendants. | CASE NO. 19-CV-00600-LK<br><br>ORDER GRANTING IN PART STIPULATED MOTION AND STRIKING RESPONSIVE PLEADING DEADLINE |

      This matter comes before the Court on Defendants' Stipulated Motion to Vacate Deadline to Answer or Otherwise Respond to Original Complaint and Set Deadline to Answer or Otherwise Respond to Amended Complaint. Dkt. No. 71. For the reasons discussed below, the Court GRANTS the motion in part and STRIKES the responsive pleading deadline. To the extent Defendants need more time to answer the Amended Complaint once it is unsealed, Defendants may file an appropriate motion at that time.

      Relator filed this *qui tam* action under seal in April 2019. Dkt. No. 1. Following the Government's decision not to intervene in January 2021, the Court ordered the original

1  complaint unsealed. Dkt. Nos. 24–25. The parties thereafter stipulated to—and the Court
2  granted—two 60-day extensions of the deadline to answer Relator's complaint. *See* Dkt. Nos.
3  52–53, 56–57. On November 19, 2021, however, and roughly a month after the Court granted the
4  second stipulated extension, Relator filed an amended complaint under seal. *See* Dkt. Nos. 60–
5  61. The parties then stipulated to a third 60-day extension to "avoid unnecessary work related to
6  the existing complaint while the amended complaint remains under seal pending review by the
7  government." Dkt. No. 65 at 1–2. This pushed the deadline for Defendants' responsive pleading
8  to March 4, 2022. Dkt. No. 66 at 1.

9  After the Court granted this latest extension, the Government moved for and received an
10 additional six months to make its intervention decision with respect to Relator's amended
11 complaint. *See* Dkt. Nos. 69–70. Relator's amended complaint will therefore remain under seal
12 until at least July 26, 2022. *See* Dkt. No. 70 at 5. Because of this, Defendants now ask the Court
13 to vacate the March 4, 2022 deadline and set a new one for 45 days after Relator serves them
14 with his amended complaint. Dkt. No. 71 at 1–2. They claim that "[g]ranting this relief now will
15 avoid unnecessary effort associated with responding to the original complaint while the United
16 States government considers the allegations in the amended complaint." *Id.* at 2. Relator has
17 stipulated to this request. *Id.* at 1.

18 A defendant is not required to respond to a complaint filed under the *qui tam* provisions
19 of the False Claims Act "until 20 days after the complaint is unsealed and served upon the
20 defendant[.]" 31 U.S.C. § 3730(b)(3). Because Relator's sealed amended complaint supersedes
21 his original, unsealed complaint, *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010),
22 Defendants have no obligation to file a responsive pleading until Relator serves them with the
23 unsealed amended complaint. The Court therefore STRIKES the March 4, 2022 responsive
24 pleading deadline.

ORDER GRANTING IN PART STIPULATED MOTION AND STRIKING RESPONSIVE PLEADING DEADLINE - 2

The Court DENIES without prejudice Defendants' request for a prospective extension of the statutory 20-day response period. Defendants may move for an extension, if necessary, once Relator serves them with a copy of his amended complaint. Relator is directed to serve an unsealed copy of this Order on Defendants.

Dated this 22nd day of February, 2022.

*Lauren King*

Lauren King
United States District Judge