UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. AHMED BASHIR,<br><br>      Plaintiff,<br><br> v.<br><br>THE BOEING COMPANY et al.,<br><br>      Defendants. | CASE NO. 2:19-CV-00600-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte. On July 26, 2022, following the Government's Second Notice of Election to Decline Intervention, the Court ordered the pleadings in this case unsealed and directed Relator-Plaintiff Ahmed Bashir to serve a copy of his amended complaint on all Defendants. Dkt. No. 74 at 1; *see* 31 U.S.C. § 3730(b)(2). Defendants Boeing and Jerry Dunmire have since moved to dismiss the amended complaint. Dkt. No. 77. And Bashir voluntarily dismissed Defendant GDC Technics, LLC. Dkt. No. 82–84. However, Defendant Mohammad Hamad A. Al Zeer has not appeared in this case either pro se or through counsel. Nor has Bashir filed an affidavit or other proof of proper service on Al Zeer. *See* 31 U.S.C. §

ORDER TO SHOW CAUSE - 1

3730(b)(3); Fed. R. Civ. P. 4(e), (l)(1).[1]

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). And when, as here, "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The district court must extend the 90-day period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. *Id.*; *see In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).[2]

The Court therefore ORDERS Bashir to show cause, within 21 days of this Order, why the Court should not dismiss all claims against Al Zeer without prejudice for failure to timely serve him in accordance with Rule 4. Alternatively, to justify an extension of the now-expired 90-day window, Bashir may set forth facts establishing good cause or excusable neglect. The Court will

---

[1] In August 2021, the Clerk of Court electronically issued a summons addressed to Al Zeer at a Texas address. Dkt. No. 45-2 at 1. Although Bashir's amended complaint alleges that Al Zeer "spent long stretches of time in the State of Texas during the time period relevant to this lawsuit," Dkt. No. 61 at 6, it is unclear whether Al Zeer still resides in Texas. And, according to the amended complaint, Al Zeer is a citizen of Saudi Arabia. *Id.*; *see* Fed. R. Civ. P. 4(f), (k)(2), (l)(2).

[2] The Court notes, however, that the 90-day service window "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]" Fed. R. Civ. P. 4(m).

1  dismiss Al Zeer without prejudice absent a timely response.

2  Dated this 24th day of July, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3