The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* AHMED BASHIR,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. 2:19-cv-00600-LK<br><br>**UNITED STATES OF AMERICA'S STATEMENT OF INTEREST REGARDING DEFENDANTS' MOTION TO DISMISS**<br><br>Noted for Consideration on: July 12, 2024 |

Although the United States has not intervened in this case brought pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, the United States remains the real party in interest. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934-35 (2009). And, because the FCA is a critical tool to redress fraud on the Government, the United States has a substantial interest in the development of FCA law. Accordingly, the United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517 to respond to certain arguments raised in Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. No. 104) and their Reply Brief (Dkt. No. 112).

Specifically, in response to Defendants' materiality analysis, the United States submits this

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 1
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Statement of Interest to clarify the applicable case law. Under *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016), materiality is determined by a holistic analysis of numerous factors, none of which are automatically dispositive of the materiality inquiry. One potentially relevant factor identified by the Court in *Escobar* is the government's continued payment of claims. However, this factor is relevant only if the government paid with actual knowledge that requirements were violated. Awareness of mere allegations of noncompliance has no bearing on the materiality inquiry.

The United States takes no position as to whether Relator's Second Amended Complaint (Dkt. No. 96) satisfies the requirements of Fed. R. Civ. P. 9(b), or on the merits of Relator's allegations or his ability to prove actionable violations if the case proceeds. Neither the Court nor the parties should construe the fact that the United States is not providing its views on other arguments or issues as support or opposition.

## DISCUSSION

### I. Materiality Is Determined by a Holistic Analysis of Multiple Factors

A false statement or claim is "material" within the meaning of the FCA if it has "a natural tendency to influence, or [is] capable of influencing, the payment or receipt of money or property." *Escobar*, 579 U.S. at 182 (quoting 31 U.S.C. § 3729(b)(4)). As the Supreme Court explained, materiality is a holistic inquiry that considers multiple factors, none of which is independently dispositive. *See id.* at 193-95; *see also United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 109 (1st Cir. 2016) ("*Escobar II*"). *Escobar* identified at least four such factors: (1) whether the applicable requirement is a "condition of payment;" (2) whether the violation of that requirement goes to the "essence of the bargain;" (3) whether the alleged violations are significant or "minor or insubstantial;" and (4) what

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 2
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

actions the government has taken when it learns of the same or similar violations. *Escobar*, 579 U.S. at 193 n.5, 194-95 (citation omitted).

To the extent the Defendants improperly suggest that any one factor is determinative of the materiality inquiry, *see, e.g.*, Dkt. No. 104 at 10 (continued payments "demonstrate[]" that the alleged violations "were *not* material") (emphasis in original), the United States urges the Court to follow *Escobar* and conduct a holistic assessment, treating no one factor as necessarily dispositive.

## II. The Government's Action in Continuing to Pay Claims Is Only Relevant to Materiality When the Government Has Actual Knowledge of the Misconduct, Not Mere Awareness of Allegations

Defendants argue that Relator cannot establish materiality because "the Government has continued to obligate funds and make payments to Boeing" after learning of Relator's allegations. *See* Dkt. No. 104 at 9. This, according to Defendants, demonstrates that Relator's "alleged violations were *not* material to the Government." *Id.* at 10 (emphasis in original); *see also* Dkt. No. 112 at 1 (arguing that "courts have agreed that such [continued] payments indicate that the alleged noncompliance was *immaterial*") (emphasis in original). Defendants' argument is inconsistent with *Escobar*.

Government action may bear on materiality only when the paying agency has "*actual knowledge* that certain requirements were violated[.]" *Escobar*, 579 U.S. at 195 (emphasis added). Following *Escobar*, the federal Courts of Appeal, including the Ninth Circuit, have consistently held that governmental awareness of a relator's allegations is not the same as actual knowledge of violations for purposes of establishing materiality. *See, e.g.*, *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 906-07 (9th Cir. 2017) (continued payment of claims by the government cannot be dispositive where the "parties dispute exactly what the government knew and when,

UNITED STATES' STATEMENT OF INTEREST REGARDING MOTION TO DISMISS - 3
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

calling into question its 'actual knowledge'"); *Escobar II*, 842 F.3d at 112 (holding that "mere awareness of allegations concerning noncompliance" does not show "knowledge of actual noncompliance"); *United States ex rel. Heath v. Wisconsin Bell, Inc.*, 92 F.4th 654, 665 (7th Cir. 2023) ("The government's knowledge of a pending lawsuit making allegations simply does not indicate actual knowledge of actual violations."); *United States ex rel. Druding v. Care Alts.*, 81 F.4th 361, 375 (3d Cir. 2023) ("Like our sister circuits, we will not equate the government's awareness of allegations of fraud with 'actual knowledge' that fraud occurred.") (citations omitted). Indeed, in assessing materiality, "it makes sense not to place much weight on the government's response in the wake of such [*qui tam*] litigation because, prior to discovery and a formal court ruling, the relator's allegations are just that—allegations, and the government may not necessarily have knowledge of all the material facts." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 115 (2d Cir. 2021).

Courts have also recognized that a federal agency may decide not to suspend payment to a potentially liable FCA defendant for a variety of reasons unrelated to the materiality of the defendant's false claims, and that drawing inferences about materiality from those agency decisions would be improper—particularly at the motion to dismiss stage of litigation. *See, e.g.*, *United States ex rel. USN4U v. Wolf Creek Fed. Servs.*, 34 F.4th 507, 517 (6th Cir. 2022) ("There are a variety of factors unrelated to the materiality of the allegations that could cause the Government to continue contracting with a party after the Government becomes aware of alleged fraud"—*e.g.*, "there could be a lack of other suppliers" or "other feasible procurement options," or "there could be high costs associated with implementing another bidding process[.]"); *United States v. Molina Healthcare of Illinois, Inc.*, 17 F.4th 732, 744 (7th Cir. 2021) (complaint adequately alleged materiality despite government's continued contracting with defendant because "[m]any things could explain the

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 4
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government's continued contracting with Molina," such as "need[ing] time to work out a way not to prejudice Medicaid recipients" who relied on Molina's services); *United States ex rel. Cimino v. Int'l Bus. Machs. Corp.*, 3 F.4th 412, 423 (D.C. Cir. 2021) (at motion to dismiss stage, lack of materiality could not be inferred from the government's decision to extend a license agreement with the defendant after learning of the relator's allegations, because it was plausible that the government "continued to pay for the licenses for any number of reasons that do not render IBM's fraud immaterial"); *see also United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 917 (4th Cir. 2003) (noting that the government "might choose to continue funding the contract despite earlier wrongdoing by the contractor" because the contract is "advantageous to the government" or is too far along to terminate). Thus, "[w]hile *Escobar* articulated that continued payment despite knowledge of fraud often indicates lack of materiality, 'often' does not mean 'always.'" *United States ex rel. Aldridge v. Corp. Mgmt., Inc.*, 78 F.4th 727, 738 (5th Cir. 2023).

The cases cited by Defendants do not support their argument that the government's continued payment of claims despite knowledge of a relator's allegations may warrant dismissal of FCA claims on materiality grounds. *See* Dkt. No. 104 at 9-10; Dkt. No. 112 at 4-5. Three of the cases cited by Defendants hinged on the sufficiency of relator's evidence at summary judgment, not on the sufficiency of allegations at the motion to dismiss stage, and in each case, there was evidence that the government had actual knowledge of misconduct. *See United States ex rel. Berg v. Honeywell Int'l, Inc.*, 740 F. App'x 535, 538 (9th Cir. 2018) (relators failed to raise a triable issue of fact as to the element of materiality where the Army continued paying the defendant "despite being aware of Relators' fraud allegations since 2002, the results of its own audit since 2003, and the problems with the infiltration rates since 2004"); *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 334 (9th Cir. 2017) (relator "failed to establish a genuine issue of material fact regarding . . . materiality"

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 5
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

where undisputed facts demonstrated that the agency was aware of defendant's noncompliance with contractual requirement, continued paying under the contract, and eventually eliminated the requirement altogether because "it provided minimal benefit"); *United States ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 539 (10th Cir. 2020) (evidence was insufficient to raise a fact issue as to materiality, where the evidence showed that a Medicare contractor had investigated the relator's fraud allegations and the contractor's documentation confirmed that Medicare had been made "aware of quality issue" following completion of the investigation, but continued paying claims).[1] In a fourth case cited by Defendants, *D'Agostino v. EV3, Inc.*, 845 F.3d 1, 7-10 (1st Cir. 2016), the court affirmed dismissal of the relator's fraudulent inducement claims because the relator failed to plausibly allege a causal link between the alleged fraudulent representations and the government's payment of claims—and the court's only observation about the materiality of the alleged fraudulent representation was made in passing.

The United States urges the Court to refrain from adopting Defendants' narrow interpretation of materiality. As noted above, there are many possible explanations for the government's contracting decisions, and it would be inappropriate at this stage of the litigation to draw inferences from the government's payment decisions absent evidence that the government had actual knowledge of misconduct. Again, the United States takes no position as to whether Relator has adequately alleged materiality under the standard enunciated in *Escobar* or has otherwise satisfied

---

[1] In *Janssen*, the Tenth Circuit also observed that its holding was not inconsistent with *Escobar II*, because *Escobar II* "assessed the sufficiency of a complaint at the motion to dismiss stage, finding that potential knowledge of allegations was insufficient to warrant dismissal," while *Janssen* affirmed a grant of summary judgment. *See Janssen*, 949 F.3d at 542 n.13. The court noted that "[i]t is not inconsistent to state that knowledge of allegations is insufficient, alone, to warrant dismissal under Rule 12(b)(6) and yet constitutes some evidence of immateriality under Rule 56(a)." *Id.*

UNITED STATES' STATEMENT OF INTEREST REGARDING MOTION TO DISMISS - 6
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 the requirements of Fed. R. Civ. P. 9(b), or on the merits of Relator's allegations or his ability to
2 prove actionable violations if the case proceeds.

## CONCLUSION

For these reasons, the Court should follow the *Escobar* materiality standard, which requires a holistic assessment of materiality, with no one factor necessarily dispositive, and considers government action relevant only when the paying agency acts with actual knowledge that a requirement was violated.

//

//

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 7
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 28th day of June, 2024.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

TESSA M. GORMAN
United States Attorney

*s/ Ashley C. Burns*
ASHLEY C. BURNS, NYBA #5186382
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-4067
E-mail: ashley.burns@usdoj.gov

MATT WALDROP
Assistant United States Attorney

JAMIE ANN YAVELBERG
ROBERT J. McAULIFFE
SETH W. GREENE
Attorneys, Civil Division
United States Department of Justice
Post Office Box 261
Washington, D.C. 20044
Telephone: (202) 353-4175

*Attorneys for the United States of America*

I certify that this memorandum contains 1,830 words, in compliance with the Local Civil Rules.

UNITED STATES' STATEMENT OF INTEREST REGARDING
MOTION TO DISMISS - 8
CASE NO. 2:19-cv-00600-LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970