1  THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* AHMED BASHIR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, *et al.*,<br><br>　　　　　　Defendants. | No. 2:19-cv-00600-LK<br><br>DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST<br><br>Note on Motion Calendar:<br>July 12, 2024<br><br>Oral Argument Requested |

DEFENDANTS' SUPPLEMENTAL REPLY TO
GOVERNMENT'S STATEMENT OF INTEREST
(No. 2:19-cv-00600-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................................. 1

Argument ..................................................................................................................................... 2

    I.     Even if the Court fully adopts the Government's arguments regarding the materiality element, Bashir fails to adequately plead materiality (or false statements). ................................................................................................................. 2

    II.    The Government's years of continued payments to Boeing—after investigating Bashir's allegations—are relevant to materiality. .............................. 3

Conclusion ................................................................................................................................... 8

DEFENDANTS' SUPPLEMENTAL REPLY TO
GOVERNMENT'S STATEMENT OF INTEREST
(No. 2:19-cv-00600-LK) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## Introduction

The United States' Statement of Interest (Dkt. No. 115 ("Statement")) "takes no position" on Defendants The Boeing Company ("Boeing") and Jerry Dunmire's Motion to Dismiss the Second Amended Complaint. Statement 2. The Government, which declined to intervene in this case, does not argue that this Court erred when it dismissed Bashir's prior complaint. The Government emphasizes repeatedly that it does not assert that Bashir's allegations under the False Claims Act ("FCA") have merit. Statement 2, 6-7. And the Government does not contest Defendants' showing in the motion to dismiss that Bashir has failed to plead any FCA violation with the required plausibility and particularity. *Id.*

The Government's Statement instead asks the Court simply to bear in mind two legal points in ruling on the motion to dismiss: (1) materiality is a holistic inquiry under *Universal Health Services, Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176 (2016); and (2) mere allegations by an FCA relator, standing alone, do not demonstrate the government's awareness of a fraud. Boeing and Dunmire are generally in agreement with those two points and respectfully submit this short supplemental brief to highlight two additional points:

*First*, the Government's Statement does not change anything about the correct disposition of the motion to dismiss. This Court can adopt all the Statement's arguments and still easily determine that Bashir has failed to plead an FCA claim against Boeing or Dunmire because he has not adequately alleged any *false statements* by Boeing that were *material* to its claims for payment on the VC-25 contracts. The Government has not identified any problem with this Court's prior opinion determining that Bashir had failed to state a claim for relief. And Bashir's Second Amended Complaint failed to fix the flaws that this Court identified, as the motion to dismiss explains.

*Second*, to determine whether Boeing's alleged misconduct was material to the Government's decisions to pay Boeing, this Court *may* consider the fact that the Government continued paying Boeing—for years—after conducting what the Government has described as a "thorough investigation of [Bashir's] allegations." Dkt. No. 5 at 3.

DEFENDANTS' SUPPLEMENTAL REPLY TO
GOVERNMENT'S STATEMENT OF INTEREST
(No. 2:19-cv-00600-LK) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

This Court should dismiss Bashir's claims against Boeing and Dunmire, with prejudice.

**Argument**

**I. Even if the Court fully adopts the Government's arguments regarding the materiality element, Bashir fails to adequately plead materiality (or false statements).**

The Government's Statement objects to only one of Boeing and Dunmire's legal arguments: that, in assessing the materiality of Boeing's alleged violations, the Court may consider the fact that the Government continued paying Boeing after learning of and investigating Bashir's allegations against Boeing. The Government notably does not object to any other arguments in the motion to dismiss—including on any of the other materiality factors or concerning the FCA's falsity element—or to any of this Court's prior reasons for dismissing Bashir's claims. The Government filed its Statement with the stated goal to protect its "substantial interest in the development of FCA law" on this one particular materiality factor. Statement 1.

Even if this Court fully adopts the Government's argument and disregards the continued payments to Boeing, the Amended Complaint still falls well short of pleading the materiality and falsity elements of Bashir's FCA claims with the required plausibility and particularity. In dismissing Bashir's claims previously, this Court did not consider the Government's continued payments to Boeing, an allegation that Bashir added to his Second Amended Complaint. *See* Dkt. No. 96 ¶143. Instead, the Court provided detailed guidance on how Bashir's allegations and arguments failed to satisfy (or even apply) the Ninth Circuit's three-factor materiality test. Dkt. No. 92 at 22-25. In his Second Amended Complaint, Bashir failed to follow that guidance and to fix the numerous flaws in his materiality allegations. In particular, he failed to identify any specific authority conditioning the Government's payments to Boeing on compliance with Bashir's cited legal requirements. Motion 7-8; Reply 3-4. He failed to identify any instance of the Government enforcing similar violations. Motion 8-11; Reply 4-7. And he failed to add any new allegation related to the magnitude of the alleged violations, instead merely recycling his old allegations that this Court already held to be insufficient. Motion 11-12; Reply 7.

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Because the Government's continued payments to Boeing were not a basis for this Court's prior dismissal and because Bashir's current claims suffer from the same deficiencies as before, the Court can and should dismiss the Second Amended Complaint. The Court thus need not even weigh in on the legal issue of how the Government's continued payments to Boeing bear on the FCA materiality element in order to dismiss Bashir's claims once again, and with prejudice.

## II.   The Government's years of continued payments to Boeing—after investigating Bashir's allegations—are relevant to materiality.

If the Court does address how Bashir's allegations about the Government's continued payments to Boeing affect materiality, then it should find that those allegations undermine the plausibility of Bashir's FCA claims. The Government argues that a court reviewing a motion to dismiss may consider such payments to the defendant "only if the government paid with actual knowledge that requirements were violated." Statement 2. That description of the legal rule is too narrow.

The Government objects to drawing an inference against materiality merely from "governmental awareness of a relator's *allegations*." Statement 3 (emphasis added). But as noted in the motion to dismiss briefing, this case involves far more than allegations alone; "[t]he Government indisputably investigated Bashir's allegations—for years." Reply 5. Specifically, after learning of Bashir's allegations by at least "May 2, 2019," the Government informed this Court that it would "conduct a *thorough* investigation of [his] allegations." Dkt. No. 5 at 2, 3 (emphasis added). And that investigation *was* thorough, comprising numerous witness interviews and reviews (and re-reviews) of hundreds of thousands of documents.

The Government's investigation of the allegations in Bashir's original complaint alone spanned almost two years following service of that complaint in May 2019. *See* Dkt No. 5 at 2; Dkt. No. 24 at 1. As part of that investigation, the Government "interviewed multiple witnesses," Dkt. No. 22 at 3, including "[Bashir] on June 10, 2019," Dkt. No. 5 at 3. The Government further "collect[ed] all documents relating to the relevant contracts from the Air Force," *id.*; "issued a Civil Investigative Demand ('CID') to Boeing requesting information and documents relevant to

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the investigation" in December 2019, Dkt. No. 18 at 3; and "issued a CID to GDC on February 25, 2020," *id.* at 3-4. The Government ultimately "received 13 CID returns, comprising over 200,000 documents." Dkt. No. 22 at 3. Based on that investigation, the Government declined to intervene in January 2021. Dkt. No. 24 at 1.

Bashir then filed his First Amended Complaint on November 19, 2021, Dkt. No. 61, triggering another investigation lasting eight more months. Through that investigation, the Government "re-review[ed]" the "13 CID returns, comprising over 200,000 documents." Dkt. No. 69 at 4. That second investigation did not change the Government's mind and it declined to intervene again on July 21, 2022. Dkt. No. 73 at 1. When Bashir filed his Second Amended Complaint on November 30, 2023, Dkt. No. 96, the Government again reviewed his allegations before declining to intervene 11 days later on December 11, 2023, Dkt. No. 99 at 1.

In light of those substantial investigations of Bashir's allegations, the Government's decision all the while to continue making payments to Boeing on the VC-25 contracts undermines the plausibility of Bashir's core contention that Boeing submitted *materially false* claims. Those investigations instead support a conclusion that the noncompliance Bashir alleges was not "'so central' to Boeing's claims for payment that the Government would not have issued progress payments … had it known about the violations." Dkt. No. 92 at 24 (Court's Order granting first motion to dismiss).

The Government also observes that materiality requires "a holistic inquiry that considers multiple factors, none of which is independently dispositive." Statement 2. Boeing and Dunmire agree and have not argued otherwise. But the fact that the analysis is "holistic" supports giving *some* consideration to the payments the Government made to Boeing after the Government thoroughly investigated Bashir's allegations, rather than treating those payments as having "no bearing" on materiality. *Id.* If a legal requirement invoked by an FCA relator is inconsequential to payment or simply does not apply (as is the case with many of the requirements alleged by Bashir

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

here, *see* Motion 16-23), then the Government might very well continue payments without needing to fully investigate the alleged noncompliance.

The Government next argues that "the federal Courts of Appeal, including the Ninth Circuit, have consistently held that governmental awareness of a relator's allegations is not the same as actual knowledge of violations for purposes of establishing materiality." Statement 3. Boeing and Dunmire do not disagree and have recognized that distinction: "'full knowledge' would obviously provide *even stronger* evidence of immateriality." Reply 4. But the fact that the Government continued paying Boeing for over four years—despite knowing of its alleged noncompliance and despite thoroughly investigating Bashir's allegations—provides at least *some* evidence weighing against the materiality of Bashir's asserted legal violations.

Numerous courts have considered as part of the materiality analysis the fact that the Government continued payments after learning of or investigating allegations of noncompliance. *See, e.g.*, *U.S. ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 542 (10th Cir. 2020) ("Although [the Government] may not have independently verified [defendant's] noncompliance—and thus may not have obtained 'actual knowledge' of the alleged infractions—its inaction in the face of detailed allegations from [relator] suggests immateriality." (citation omitted));[1] *U.S. ex rel. McBride v. Halliburton Co.*, 848 F.3d 1027, 1034 (D.C. Cir. 2017) (explaining that Government's continued payments after investigating relator's allegations were "very strong evidence" that requirements allegedly violated were not material); *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 7 (1st Cir. 2016) ("The fact that [the Government] has not denied reimbursement for [claims] in the wake of [relator's] allegations casts serious doubt on the materiality of the fraudulent representations that

---

[1] The Government argues that, in *Janssen*, "there was evidence that the government had actual knowledge of misconduct." Statement 5. But the language quoted above is premised on the Government's lack of actual knowledge.

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

[relator] alleges.");[2] *U.S. ex rel. Cimino v. IBM Corp.*, 3 F.4th 412, 423 (D.C. Cir. 2021) (explaining "that continued payment of claims the government knows *might be* fraudulent [may] suggest[ ] the fraud was not material to the government").

Courts have considered continued government payments even on a motion to dismiss. *Contra* Statement 4-5. *See, e.g.*, *U.S. ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 F. App'x 237, 242 (5th Cir. 2020) (affirming grant of motion to dismiss and reasoning that the Government "took no action after [relator] informed [the Government] that [defendant] was [allegedly violating certain legal requirements]" and instead "continued payment"); *Hawaii ex rel. Torricer v. Liberty Dialysis-Hawaii LLC*, 512 F. Supp. 3d 1096, 1117 (D. Haw. 2021) (granting motion to dismiss where "the government continued to pay claims even after being notified of [alleged] deficiencies"); *U.S. ex rel. Jackson v. Ventavia Rsch. Grp.*, 667 F. Supp. 3d 332, 361 (E.D. Tex. 2023) (granting a motion to dismiss where "[the Government] has known about [relator's] allegations since September 25, 2020," and reasoning that "[t]he Government's unbroken chain of authorization and payments in the face of [relator's] allegations does not support an inference that the alleged misrepresentations were material"), *appeal dismissed*, No. 23-40278, 2023 WL 7318489 (5th Cir. Sept. 27, 2023). Although the Government's history of continued payments is more likely to be developed upon a motion for summary judgment, that evidence need not be disregarded on a motion to dismiss where it is alleged in the complaint. *See Escobar*, 579 U.S. at 195 n.6 ("We reject [the] assertion that materiality is too fact intensive for courts to dismiss False Claims Act cases on a motion to dismiss[.]").

The cases cited by the Government (Statement 3-4) do not preclude this Court from considering Bashir's admission about four years of continued payments to Boeing. In *United States ex rel. Campie v. Gilead Sciences, Inc.*, 862 F.3d 890 (9th Cir. 2017), the court declined to consider

---

[2] The Government argues this statement "was made in passing." Statement 6. But the First Circuit said what it said. And later First Circuit cases have applied similar reasoning. *See, e.g.*, *U.S. ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 865 F.3d 29, 35 (1st Cir. 2017) (concluding that the alleged violations were immaterial where, "as in *D'Agostino*, there is no allegation that the [Government] withdrew or even suspended product approval upon learning of the alleged misrepresentations").

DEFENDANTS' SUPPLEMENTAL REPLY TO
GOVERNMENT'S STATEMENT OF INTEREST
(No. 2:19-cv-00600-LK) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the Government's continued payments because the "parties dispute[d] exactly what the government knew and when." *Id.* at 906-907. There is no similar dispute at this stage: the Government has continued paying Boeing for over four years despite knowing of and investigating the noncompliance that Bashir alleges.

The Government also relies on *U.S. ex rel. Escobar v. Universal Health Services*, 842 F.3d 103 (1st Cir. 2016). The court there emphasized, however, that there was "no evidence … that [the governmental body paying the claims] had actual knowledge of any of these allegations (much less their veracity) as it paid [relator's] claims." *Id.* at 112. And the court did "not decide whether actual knowledge of the violations would in fact be sufficiently strong evidence that the violations were not material to the government's payment decision so as to support a motion to dismiss in this case." *Id.*

In *U.S. ex rel. Heath v. Wisconsin Bell, Inc.*, 92 F.4th 654 (7th Cir. 2024), *cert. granted*, No. 22-1515 (U.S. June 17, 2024), the court simply rejected the defendant's argument that the Government had "actual knowledge" of legal violations. *Id.* at 665. The court did not consider whether to afford any weight to the Government's knowledge and investigation of allegations of noncompliance. *See id.*

The Government next cites *U.S. ex rel. Druding v. Care Alternatives*, 81 F.4th 361 (3d Cir. 2023). Though declining to find "*dispositive* evidence of immateriality," the Third Circuit agreed that "the government's inaction over [a series of] years *is* evidence of immateriality." *Id.* at 374-375. That is exactly what Boeing and Dunmire argue here.

Finally, in *U.S. ex rel. Foreman v. AECOM*, 19 F.4th 85 (2d Cir. 2021), the court made the unsurprising point that, where the "only evidence of the government's alleged knowledge" of violations "stem[s] from the relator's filing of the complaint," that knowledge is "not enough to sweep away the elaborate facts that the relators furnished" on materiality. *Id.* at 114-115 (cleaned up). Boeing and Dunmire "do[ ] not simply rest on bald assertions" related to Bashir filing his claims. *Id.* at 115. Again, the Government not only knew of Bashir's allegations but thoroughly

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

investigated them—and continued paying Boeing for over four years. Bashir also does not offer "elaborate facts" or "detailed allegations of materiality," *id.* at 114, 115 (citation omitted), as did the relator in *Foreman*.

In short, under the holistic analysis called for by *Escobar*, the Government's continued payments to Boeing for more than four years—despite thoroughly investigating Bashir's allegations—undermine the plausibility of Bashir's contention that his asserted legal requirements were so material that the Government would not have paid Boeing if it had known about the violations.

## Conclusion

The Court should dismiss with prejudice Bashir's Second Amended Complaint.

Dated: July 12, 2024

*I certify that this memorandum contains 2,554 words, in compliance with the Local Civil Rules.*

By: *s/ Steve Y. Koh*
Steve Y. Koh, Bar No. 23284
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
SKoh@perkinscoie.com

Michael R. Huston (pro hac vice)
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: 602.351.8000
Facsimile: 602.648.7000
MHuston@perkinscoie.com

*Attorneys for Defendants The Boeing Company and Jerry Dunmire*

DEFENDANTS' SUPPLEMENTAL REPLY TO GOVERNMENT'S STATEMENT OF INTEREST (No. 2:19-cv-00600-LK) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on July 12, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: July 12, 2024

*s/ Steve Y. Koh*

CERTIFICATE OF SERVICE
(No. 2:19-cv-00600-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000